# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br>ROBERTO HERNANDEZ-HERNANDEZ,<br><br>    Defendant. | CASE NO. 13cv127-LAB and 12cr847-LAB-1<br><br>**ORDER DENYING MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255** |

Defendant Roberto Hernandez-Hernandez pleaded guilty in this Court to being a previously deported alien found in the United States, in violation of 8 U.S.C. § 1326. Although he proceeded *pro se* in this Court, he was appointed counsel for purposes of appeal. His counsel filed an appeal, which is now pending in the Ninth Circuit.

Hernandez then filed a petition, styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the Central District of California. The judge to whom it was assigned, Hon. George H. Wu, construed it as a motion pursuant to 28 U.S.C. § 2255 and transferred it here.

Because Hernandez is represented by counsel on appeal, he should not have filed what amounts to a § 2255 motion on his own, but rather should have done so through counsel. But more importantly, the notice of appeal filed by his counsel deprives this Court of jurisdiction to consider the motion at all. *See Griggs v. Provident Consumer Disc.* Co., 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional

significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Edwards v. United States*, 2011 WL 3273153, at *3 (E.D.Cal., July 28, 2011) (noting that notice of appeal had deprived district court of jurisdiction to consider § 2255 motion).

Because the Court lacks jurisdiction to consider it, the motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: January 23, 2013

**HONORABLE LARRY ALAN BURNS**
United States District Judge